In the Matter of ROBERT PERLA, a Suspended Attorney, Resignor.

Second Department, May 26, 1992

**APPEARANCES OF COUNSEL**

*Jerome Karp, P. C.,* for resignor.

*Robert H. Straus (Robert J. Saltzman* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

Robert Perla has submitted an affidavit dated March 18, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Perla was admitted to

the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on December 16, 1959. By order of this court dated August 15, 1990, Mr. Perla was suspended from the practice of law on the ground that he was guilty of professional misconduct immediately threatening the public interest based on uncontroverted evidence of conversion and commingling and his failure to cooperate with the Grievance Committee.

Mr. Perla acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning allegations that he converted escrow funds, improperly released escrow funds, commingled clients' funds with his personal funds and failed to comply with the lawful requests of the Grievance Committee.

Mr. Perla indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he cannot successfully defend himself on the merits with respect to the 10 disciplinary charges set forth in the petition currently pending against him.

Mr. Perla acknowledges that his resignation is subject to any application which might be made by the petitioner for an order directing that he make restitution to any person whose money or property he misappropriated or that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Perla recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and acknowledges the continuing jurisdiction of this court to make such an order. Mr. Perla specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel to the Grievance Committee recommends that the court accept the resignation. Under the circumstances herein, the resignation of Robert Perla as a member of the Bar is accepted and directed to be filed. Accordingly, Robert Perla is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the resignation of Robert Perla is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert Perla is disbarred and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert Perla shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Robert Perla is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), Robert Perla shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to persons whose money or property was willfully misappropriated or misapplied by him.